**BARRITT SMITH LLP**
Douglas A. Barritt, Bar No. 150955
17310 Red Hill Avenue, Suite 140
Irvine, California 92614
Phone:    949-553-0700
Fax:       949-553-0715
Email:    dbarritt@barrittsmith.com

Attorneys for Defendant
SIRVA, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GABRIELLA LEMA,<br><br>              Plaintiff,<br><br>      vs.<br><br>SIRVA/NAL WORLDWIDE LOGISTICS, JUAN CORTES, JOE JENIO, SCOTT BLACK, KEN WHELAN, MARILYN BEASLEY, RAMON PIDALLA, and DOES 1-10,<br><br>              Defendants. | CASE NO.: _____<br><br>**DEFENDANT SIRVA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331 and  28 U.S.C. § 1441(b)**<br><br>**[FEDERAL QUESTION]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant SIRVA, Inc. (erroneously sued herein as "SIRVA/NAL WORLDWIDE LOGISTICS") removes the state court action described below to this Court:

**BARRITT SMITH LLP**
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION (CIVIL L. R. 3-5(a))

1.      This Court has jurisdiction over this action pursuant 28 U.S.C. § 1331 and  28 U.S.C. § 1441(b). The facts supporting jurisdiction are set forth below.

## INTRADISTRICT ASSIGNMENT (CIVIL L.R. 3-5(b))

2.      Plaintiff Gabriella Lema ("Plaintiff") was employed with SIRVA, Inc. and worked out of its then-operated facility located in San Jose, California. Therefore, pursuant to Local Rule 3-2(e), this matter should be assigned to the Court's San Jose Division.

## SHORT PLAIN STATEMENT RE GROUNDS FOR REMOVAL

3.      On or about April 23, 2007, plaintiff Gabriella Lema ("Plaintiff") filed an action in Alameda County Superior Court entitled "GABRIELLA LEMA, Plaintiff vs. SIRVA/NAL WORLDWIDE LOGISTICS, JUAN CORTES, JOE JENIO, SCOTT BLACK, KEN WHELAN, MARILYN BEASLEY, RAMON PIDALLA, and DOES 1-10, Defendants," Alameda County Superior Court Case Number HG07322091. Attached hereto as Exhibit A are true and accurate copies of the Summons, Complaint, Notice of Case Assignment and Notice of Case Management Conference and Order.

4.      On or about May 30, 2007, plaintiff filed an "Amendment to Complaint for Damages." Attached hereto as Exhibit B is a true and accurate copy of the Amendment to Complaint for Damages. On or about May 30, 2007, the Alameda County Superior Court rejected Plaintiff's Amendment to Complaint for Damages due to her failure to obtain a Court order authorizing the filing of the Amendment. Attached hereto as Exhibit C is a true and accurate copy of the rejection which was obtained from the Alameda County Superior Court's website - www.alameda.courts.ca.gov/courts.

5.      On or after June 20, 2007, Plaintiff purportedly served the Summons, Complaint, Amendment to Complaint, Notice of Case Assignment and Notice of Case Management Conference and Order on defendants SIRVA, Inc., Joe Jenio, Ken Whelan, Scott Black and Ramon Padilla (erroneously sued herein as "Ramon Pidalla"). Therefore, SIRVA, Inc. is

2

1   removing this action in a timely manner.  See 28 U.S.C. § 1446(b)  (requiring removal within

2   30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial

3   pleading setting forth the claim for relief upon which such action or proceeding is based").

4        6.    This Court has "original jurisdiction of all civil actions arising under the

5   Constitution, laws or treaties of the United States." See 28 U.S.C. § 1331. This action may be

6   removed to this Court by defendant SIRVA, Inc. pursuant to of 28 U.S.C. § 1441(b), which

7   provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

        7.    In her Complaint, Plaintiff alleges, as her first claim, that defendants discriminated against her based on her race in violation of 42 U.S.C. 2000e (i.e., Title VII of the Civil Rights Act of 1964). Therefore, this action arises under the laws of the United States and is properly within the original jurisdiction of this Court. Removal is proper under 28 U.S.C. § 1441(b).

## PLAINTIFF'S ENTIRE COMPLAINT SHOULD BE REMOVED BECAUSE THE ALLEGATIONS ARISE FROM A COMMON NUCLEUS OF OPERATIVE FACTS

        8.    All claims in this action arise out of the same transactions or occurrences. The claims thus arise under a common nucleus of operative facts and would normally be tried in a single judicial proceeding. The entire case is, therefore, removable under this Court's original pendent jurisdiction. See 28 U.S.C. § 1441(b).

        9.    Alternatively, if any of the claims in this suit are separate and independent from any of the others, this Court may in its discretion exercise jurisdiction over the entire case. See 28 U.S.C. § 1441(c).

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

1   as stated above, Plaintiff has purportedly served individual defendants Joe Jenio,

2   Ken Whelan and Ramon Padilla. These individual defendants have joined in this Notice of

3   Removal as evidenced by the Joinder in Defendant SIRVA, Inc.'s Notice of Removal of Civil

4   Action Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, filed concurrently herewith. On

5   information and belief, Plaintiff has not yet served the remaining individual defendants

6   (Marilyn Beardsley (erroneously sued as Marilyn Beasley), Scott Black and Juan Cortes) with

7   her Summons and Complaint.

8         11.    Defendant SIRVA, Inc. will file its Notice of Removal with the Alameda County

9   Superior Court.

10

11  DATED: July 12, 2007

**BARRITT SMITH LLP**

By: _____
      Douglas A. Barritt
      Attorney for Defendant
      SIRVA, INC.

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

---

4

**NOTICE OF REMOVAL (CASE NO. UNASSIGNED)**

# EXHIBIT A

**Lema v. SIRVA, Inc., et al.**
**Case No. UNASSIGNED**
**Exhibit A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SIRVA/NAL WORLDWIDE LOGISTICS, Juan Cortes, Joe Jenio, Scott
Black, Ken Whelan, Ramon Padilla, Marilyn Beasley
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Gabriella Lema

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 23 2007

CLERK OF THE SUPERIOR COURT
By _____ J. Sallee
                              Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*
S_____

Alameda County
24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso)*
RG 07322091

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Gabriella Lema
39183 Walnut Terrace, Fremont, CA 94536

| DATE: *(Fecha)* | APR 23 2007 | PAT S. SWEETEN | Clerk, by *(Secretario)* | J. Sallee | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.    www.USCourtForms.com

Gabriella Lema
39183 Walnut Terrace
Fremont, California 94536
(510) 790-8959
In Pro Per

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 3 2007

CLERK OF THE SUPERIOR COURT
By _____ J. Salloo _____
Deputy

STATE OF CALIFORNIA

ALAMEDA COUNTY

| | | |
|---|---|---|
| Gabriella Lema | ) | Case No.  HG07322091 |
| | ) | |
| Plaintiff | ) | **COMPLAINT FOR DAMAGES** (Race |
| | ) | Discrimination in Violation of Title VII of the |
| | ) | Civil Rights Act of 19645, as amended by the Civil |
| | ) | Rights Act of 1991, 42 U.S.C. 2000 et seq. |
| Vs. | ) | ("TitleVII"); Race and Sex; Discrimination in |
| | ) | Violation of the Cal. Govt. Code  12900 et seq.;; |
| SIRVA/ NAL WORLDWIDE | ) | Wrongful Termination in Violation of Public |
| LOGISTICS, Juan Cortes, Joe Jenio, | ) | Policy; Retaliation for complaining about |
| Scott Black, Ken Whelan, Marilynn | ,) | treatment received from employer; Hostile Work |
| Beasley, Ramon Pidalla and DOES 1-10 | ) | Environment; Harassment; Slander, False |
| , | ) | Imprisonment, Intentional Infliction |
| | ) | Emotional Distress; Negative Infliction of |
| __Defendants_____ | ) | Emotional Distress |

NOW COME the plaintiff, Gabriella Lema, to file this Complaint for Damages and Demand for Jury Trial as follows:

## JURISDICTRIONAL ALLEGATIONS

1.  Jurisdiction in this court is proper based upon the existence of a federal question and on 28 U.S.C.  2000e-55(f)(3). Venue is proper because plaintiff lives within this jurisdiction.

2.  Plaintiff GABRIELLA LEMA  is a citizen and resident of Fremont, California.

3. Plaintiff is informed and believes and thereon alleges that defendant SIRVA/NAL WORLDWIDE LOGISTICS, does business in Santa Clara County, California, in the city of San Jose, California.

4. Upon information and belief, defendants and their employees are acting jointly regarding their liability toward plaintiff.

5. Plaintiff is informed and believe, and thereon allege, that each defendant herein was, at some times herein relevant, the employees and the employer herein, and that doing the acts complained of herein was, at some times herein relevant, action within the course and scope of their duties of employment and/or with the permission and/or consent of the remaining defendants. Plaintiff further alleges that the defendants are responsible for the acts of their employees and agents taken within the course and scope of their agency or employment.

## EXHAUSTION OF ADMINSITRATIVE REMEDIES

6. This case is procedurally ripe for adjudication before this Court because plaintiff has exhausted all required administrative remedies as follows:

7. Since defendants do not have a Human Resource office on site, plaintiff had to file her complaint with the EEOC, as one of the defendants discriminating against plaintiff was her supervisor. Plaintiff filed her complaint in 2005, before the company was renamed, against new management.

8. Plaintiff received her "Right to sue: letter          and is hereby filing suit at this time.

## GENERAL ALLEGAITONS

9. Plaintiff LEMA is an African American female. She is now 36 years of old.

2

10. On or about September 2000 plaintiff was hired by defendants as an Account/Customer Service Representative. Plaintiff's evaluations were fine up to 2004, when new owners and management took over. Plaintiff was given extra work in 2004 when new management came over and again in February of 2005, when plaintiff complained, while other workers for defendant were present and on staff. Plaintiff alleges this was retaliation for plaintiff complaining about unfair treatment and discrimination.

11. Plaintiff complained about becoming ill and went to the doctor. Doctor granted her medical leave in March 2005.

12. Plaintiff had complained about rude treatment and racial remarks, to no avail.

13. While plaintiff was on sick leave, defendants terminated her employment with them.

## FIRST CAUSE OF ACTION
### (Race Discrimination in Violation of 42 U.S.C. 2000e et seq.)

14. Plaintiff refer to and herein incorporate paragraphs 1 – 13.

15. Defendants SIRVA/NAL WORLDWIDE LOGISTISTICS terminated plaintiff after plaintiff was placed on medical leave, due to plaintiff's race, African American.

## SECOND CAUSE OF ACTION
### (Race Discrimination in Violation of Cal. Govt. Code 12900 et seq.)

16. Plaintiff refer to and herein incorporate paragraphs 1 – 15.

17. Plaintiff was subjected to racial remarks by employees of defendants and was racially discriminated against by defendant's employee as well.

## THIRD CAUSE OF ACTION
### (Retaliation)

3

18. Plaintiff refer to and herein incorporate paragraphs 1 – 17.

19. Plaintiff complained about extra work being given to her. Plaintiff then became ill, and defendant terminated her in retaliation to her complaining.

## FOURTH CAUSE OF ACTION
### (Hostile Work Environment)

20. Plaintiff refer to and herein incorporate paragraph 1 – 19.

21. Plaintiff was subjected to and worked in a hostile work environment.

22. Due to defendant's lack of protecting plaintiff in her work environment, plaintiff suffered damage.

## FIFTH CAUSE OF ACTION
### (Harassment)

23. Plaintiff refer to and herein incorporate paragraph 1- 22.

24. Defendants and their employees harassed plaintiff when she entered the warehouse and also as her work station.

## SIXTH CAUSE OF ACTION
### (Slander)

25. Plaintiff refer to and herein incorporate paragraph 1 – 24.

26. Slander is the erroneous statement(s) that place plaintiff in a bad light. Defendants stated plaintiff was not sick and was malingering, when in reality plaintiff was in fact sick and not malingering. Plaintiff has doctors statements to verify her illness and sickness.

27. Defendants slandered plaintiff when they said she was not sick and was malingering.

## SEVENTH CAUSE OF ACTION
### (False Imprisonment)

4

28. Plaintiff refer to and herein incorporate paragraph 1 – 27.

29. False Imprisonment is illegally denying the exit of a person from a dwelling, place, room, vehicle etc.

30. Plaintiff was denied the right to exit a room, by defendants and or their employees, when the employees prevented her from leaving a room, because they stated an account was not finished.

31. Defendant(s) are guilty of false imprisonment of plaintiff.

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

32. Plaintiff refer to and incorporate paragraph 1-31.

33. Intentional Infliction of Emotional Distress is where defendants knowingly and intentionally cause plaintiff to be emotionally damaged. Defendants were aware of plaintiff's emotional state as plaintiff provided them with her medical records and the doctor had advised her not to return to work due to the stress work caused her. Nevertheless, defendants continued to harass plaintiff and inflict more stress, harassment and emotional damage on plaintiff.

34. Defendants are guilty of Intentional Infliction of Emotional Distress on plaintiff.

### NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

35. Plaintiff refer to and incorporate paragraph 1 – 34.

36. Negligent Infliction of Emotional Distress is where defendants knowingly and negligently inflict emotional distress on plaintiff. Defendants were negligent when they treated plaintiff in the fashion they did and continued to treat her in the same fashion knowing she was ill.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff pray for judgment against Defendants, and each of them, as follows:

1. For back pay, front pay, and other special damages according to proof;

2. For general damages to compensate plaintiff for emotional distress, pain and suffering, and loss of enjoyment of life, in an amount according to proof;

3. For statutory damages;

4. For interest in an amount according to proof;

5. For exemplary and punitive damages;

6. For attorney's fees;

7. For costs of suit herein incurred; and

8. For such other and further relief as the court may deem proper.

Respectfully submitted

04-23-07
Date

Gabriella Lema
In Pro Per

6

## VERIFICATION

I, GABRIELLA LEMA, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of April 2007, at Castro Valley, California

Date: *04·23·07*

Gabriella Lema

7

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes
## Effective July 1, 2007

Case Number: HG07322091
Case Title:    Lema VS Sirva/Nal Worldwide Logistics
Date of Filing: 04/23/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Winifred Y. Smith |
| Department: | 114 |
| Address: | Wiley W. Manuel Courthouse |
|  | 661 Washington Street |
|  | Oakland  CA  94607 |
| Phone Number: | (510) 268-7658 |
| Fax Number: | (510) 267-1518 |
| Email Address: | Dept.114@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)  Because this notice is effective July 1, 2007, the parties are advised that the earliest possible deadline for a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 114

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Counsel are expected to be familiar and comply with the Statement of Professionalism of the ACBA , www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (3) Chambers copies of filings will not be accepted unless specifically requested by the Court. (4) Unrepresented litigants must also comply with the pertinent rules, cited above. (5) All references to "counsel" in this Order apply equally to self-represented litigants. The Court Maintains a Self-Help Center at the Wiley E. Manual Courthouse, 2nd Floor, 600 Washington St., Oakland. Telephone (510) 268-7221.

## Schedule for Department 114

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. The Court prefers that contacts with Department 114 be by e-mail with copies to all other counsel. Counsel must confer with opposing counsel before scheduling a hearing date.

- Trials generally are held: Mondays, Tuesdays, Thursday between 9:30 a.m. and 4:30 p.m.and Wednesdays between 10:00 a.m. and 4:30 p.m. A pre-trial conference may be scheduled two weeks before trial. Pretrial conferences will be at 2:00 p.m. on Fridays.

- Case Management Conferences are held: Tuesdays, Thursdays and Fridays at 9:00 a.m. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing. Tentative Rulings will be available on the Court's website 3 days before the CMC.

- Law and Motion matters are heard: Wednesdays at 9:00 a.m. and Fridays at 9:30 a.m. Only 1 Demurrer and 1 Motion for Summary Judgment/Adjudication will be set on each calendar.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Wednesdays and Fridays at 9:00 a.m. A maximum of 3 matters will be scheduled on each calendar. Urgent matters may be specially set by contacting the department.

- (1) Counsel should anticipate and attempt to resolve discovery and other disputes. (2) No discovery motion shall be filed without prior serious efforts to resolve the dispute. (3) A Mandatory Settlement Conferences will be scheduled approximately 30 days before trial. All parties with authority to settle must be personally present. The Court requests that the parties state an objection to the Direct Calendar judge conducting the settlement conference at the time the conference is scheduled.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Email:       Dept.114@alameda.courts.ca.gov
  Phone:      (510) 208-2951

  The Court prefers that reservations for the Law and Motion calendar be made by e-mail.

- Ex Parte Matters for hearing dates after July 1, 2007
  Email:       Dept.114@alameda.courts.ca.gov
  Phone:      (510) 208-2951

  The Court prefers that reservations for the ex parte calendar be made by e-mail.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 114
- Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated:  05/14/2007                 Executive Officer / Clerk of the Superior Court

                                    By    _Carrie Simmons_
                                                          Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/15/2007

By _____
                                                              Deputy Clerk

Gabriella Lema
39183 Walnut Terrace
Fremont, CA   94536-____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Lema | No. <u>HG07322091</u> |
| Plaintiff/Petitioner(s) | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Sirva/Nal Worldwide Logistics | Unlimited Jurisdiction |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **09/06/2007**<br>Time: **09:00 AM** | Department: **114**<br>Location: **Wiley W. Manuel Courthouse**<br>**Sixth Floor**<br>**661 Washington Street, Oakland  CA 94607**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Winifred Y. Smith**<br>Clerk: **Yvonne Bazzell**<br>Clerk telephone: **(510) 268-7658**<br>E-mail:<br>**Dept.114@alameda.courts.ca.gov**<br>Fax: **(510) 267-1518** |

### ORDERS

1.  You must:
    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b. **Give notice** of this conference to any party not included in this notice and file proof of service;
    c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is **mandatory**) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/15/2007.

By _____

Deputy Clerk

# EXHIBIT B

**Lema v. SIRVA, Inc., et al.**
**Case No. UNASSIGNED**
**Exhibit B**

1    Gabriella Lema
2    39183 Walnut Terrace
     Fremont, California 94536
3    (510) 790-8959
4    In Pro Per

ENDORSED
FILED
ALAMEDA COUNTY

MAY 3 0 2007

CLERK OF THE SUPERIOR COURT
By ___J. Scllao___
                              Deputy

6

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF ALAMEDA

9    Gabriella Lema                    )    CASE NO. HG07322091
                                       )
10        Plaintiff                    )    **AMEND**    **TO**
                                       )    **COMPLAINT FOR DAMAGES**
11                                     )    (CIVIL RIGHTS)
                                       )
12        vs                           )
                                       )
13                                     )    (1)  Violation of Civil Rights
     SIRVA/NAL WORLDWIDE LOGISTICS,  Juan )        [42 U.S.C. §1981]
14   Cortes, Joe Jenio, Scott Black, Ken Whelan, )  (2)  Violation of Civil Rights
15   Marilynn Beasley, Ramon Pidalla and DOES 1-10 )      [42 U.S.C. §1983]
                                       )    (3)  Violation of Civil Rights
16   _____)        [42 U.S.C. §1985 & 1986]

17        Plaintiff GABRIELLA LEMA alleges the following:

18   I    NATURE IF THE CASE

19        1.    This suit is instituted to secure protection and redress deprivation of rights
20   secured by 42 U.S.C. §§ 1981 and 1983, providing for damages and injunctive and other relief
21   for discrimination on the basis of race (42 U.S.C. § 1981), and against deprivation of their rights
22   under color of state and federal law of the privileges secured hereunder, and by 42 U.S.C. § 1983
23   providing for equal rights of citizens or of all persons within the jurisdiction of the United States.
24   This action is also brought pursuant to 42 U.S.C. § 1981 to secure the full and equal benefit of all
25   laws and proceedings for the security of plaintiff as is enjoyed by white citizens; and pursuant to
26   the equal protection clause of the Fourteenth Amendment to the Constitution of the United States
27   prohibiting a denial of certain rights without due process. This section is also brought pursuant to

1

42 U.S.C. §§ 1985 and 1986 providing for damages and other relief for conspiring between two or more persons to discriminate against individuals on the basis of race.

5.    JURISDICTION

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States, including the eighth and fourteenth amendments to the Constitution of the United States; and jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1343(3) and 1343(4), because this action redresses the deprivation, under color of State law, regulation, custom, and usage, of rights, privileges, and immunities secured to plaintiff by the Constitution of the United States, including protection of their civil rights.

III    VENUE

3.    The unlawful acts and practices alleged below were committed within the State of California and in the judicial district of the United States District Court for the Northern District of California. Plaintiff is informed and believes, and thereon allege, that defendant DEFENDANTS are individuals as well as a corporation with  principal offices in the above judicial district; and is doing business in the County of Santa Clara; and Plaintiff is informed and believes that defendants Juan Cortes, Joe Jenio, Scott Black, Ken Whelan, Marilynn Beasley, Ramon Padilla and DOES 1-10 are natural persons and that corporation SIRVA/NAL WORLDWIDE, hereinafter SIRVA, at all times relevant herein was a corporation where individuals named and corporation existed in the County of Santa Clara. Plaintiff is a resident of Alameda County, thereby making the Oakland Division of the above-untitled court a proper venue to bring this action.

IV    PLAINTIFF

4.    Plaintiff GABRIELLA LEMA, is an individual now residing in the State of California who suffered damages as a result of the defendants conduct, as alleged herein, during the course of his employment contract with named defendants and SIRVA..

V      DEFENDANTS

5.      Defendants are responsible for the acts herein alleged.

a.   On information and belief, plaintiff alleges that defendants named individuals and SIRVA a private corporation located in the County of Santa Clara, State of California, are responsible for the acts alleged herein by and through its agents and employees.

b. Plaintiff does not know the true names and capacities of Defendants sued as DOES 1 through 10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

c.  Plaintiff is informed and believes and thereon alleges that all Defendants are responsible in some manner for the acts, incidents, occurrences and events herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by Defendant's conduct.

VI     FACTS OF THE CASE

6.      Plaintiff was hired by SIRVA in September 2000. Plaintiff suffered the various maladies and acts of discrimination during her tenure of work until she left on March 25, 2005. Plaintiff suffered the allegations made in her original complaint and hereby incorporates that complaint into this amended complaint; in addition Plaintiff complains that SIRVA did not pay medical benefits and pay, while she was off sick. SIRVA continued to turn plaintiff's medical coverage off and on, whereby plaintiff could not pay for medical treatment. This resulted in her accruing outstanding medical bills that further exacerbated her already tenuous mental and physical state.

Plaintiff also suffered sexual discrimination and assault and battery.

VII    DEMAND FOR JURY TRIAL

7.      Plaintiffs hereby demand a jury trial in the above-entitled action. WHEREFORE, Plaintiff prays for a judgment as hereinafter set forth.

VIII   PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray the Court to enter a declaratory judgment that the polices and practices complained of herein are unlawful and violative the equal protection and

due process clauses of the Fourteenth Amendment to the United States Constitution, 42 U.S.C.

¶§§ 1981 and 1983, and other applicable Federal, State and local law.

Modify practices, policies and usages set forth herein and all other practices

shown to be in violation of applicable law so that they do not discriminate on the basis of race or color.

Compensate and make Plaintiff whole for all damages she has sustained, and may

Hereafter suffer, as a result of the unconstitutional and unlawful deprivation of Plaintiff's rights

And privileges in the sum of $1,000,000, for each count, according to proof.

An award of punitive and exemplary damages to Plaintiff in the sum of

$3,000,000 or more.

An award of all legal cost and award.

Dated:

Gabriella Lema

VERIFICATION

I, GABRIELLA LEMA, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of May, 2007, at _____, California _____

Dated: *5-29-07*

Gabriella Lema

# EXHIBIT C

**Lema v. SIRVA, Inc., et al.**
**Case No. UNASSIGNED**
**Exhibit C**

Superior Court of California, County of Alameda
Fremont Hall of Justice
Civil Division
39439 Paseo Padre Parkway
Fremont, CA   94538


To:   Gabriella Lema                              Date:  05/30/2007
      39183 Walnut Terrace
      Fremont, CA   94536-____


Re:  No. HG07322091 - Lema   VS.  Sirva/Nal Worldwide Logistics


Your request to file Amendment to Complaint has been rejected for the following
reason:

    Amendment to complaint needs a court order, perhaps you wish to file an
    amended complaint.


Executive Officer / Clerk of the Superior Court

By _____
                                        Deputy Clerk

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 17310 Red Hill Avenue, Suite 140, Irvine, California 92614.

On July *12*, 2007, I served the foregoing document(s) described as **DEFENDANT SIRVA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b)** upon the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

**Gabriellea Lema**
**39183 Walnut Terrace**
**Fremont, California 94536**

( )   **(By U.S. Mail)**   I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

( )   **(By Facsimile)** I served a true and correct copy by facsimile to the number(s) listed above (or on the attached sheet). Said transmission was reported complete and without error.

(X)   **(By Overnight Mail)** I served a true and correct copy enclosed in a sealed Federal Express envelope addressed to the aforementioned person(s) marked for next business day delivery, and deposited the copy into a Federal Express depository.

(X)   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July *12*, 2007, at Irvine, California.

Douglas A. Barritt

c:\cases\sirva\lema\pos\mail proof (federal).doc