**BARRITT SMITH LLP**
Douglas A. Barritt, Bar No. 150955
17310 Red Hill Avenue, Suite 140
Irvine, California 92614
Phone:  949-553-0700
Fax:    949-553-0715
Email:  dbarritt@barrittsmith.com

Attorneys for Defendants
SIRVA, INC., JOE JENIO, KEN WHELAN,
SCOTT BLACK and RAMON PADILLA

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLA LEMA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SIRVA/NAL WORLDWIDE LOGISTICS, JUAN CORTES, JOE JENIO, SCOTT BLACK, KEN WHELAN, MARILYN BEASLEY, RAMON PIDALLA, and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.: C07 03631 (HRL)<br><br>**ANSWER OF DEFENDANTS SIRVA, INC., JOE JENIO, KEN WHELAN, SCOTT BLACK AND RAMON PADILLA TO PLAINTIFF'S COMPLAINT** |

Defendants SIRVA, Inc. (erroneously sued herein as "SIRVA/NAL WORLDWIDE LOGISTICS"), Joe Jenio, Ken Whelan, Scott Black and Ramon Padilla (erroneously sued herein as "Ramon Pidalla") (collectively referred to herein as "Defendants"), for themselves alone and for no other defendant, submit their Answer to the Complaint for Damages filed by plaintiff Gabriella Lema ("Plaintiff") as follows:

## ADMISSIONS AND DENIALS

1.　　　　Answering Paragraph 1 of the Complaint, Defendants admit that this Court has removal jurisdiction over this matter for the reasons set forth in the Notice of Removal

previously filed. Defendants also admit that venue is proper in this Court. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

2. Answering Paragraph 2 of the Complaint, Defendants lack sufficient information and belief to enable them to admit or deny the allegations set forth in this Paragraph and, on that basis, generally and specifically deny each and every one of them.

3. Answering Paragraph 3 of the Complaint, Defendants admit that, during certain portions of the timeframe covered by the allegations in the Complaint, SIRVA, Inc. (or one or more of its subsidiaries) conducted business in San Jose, California and the County of Santa Clara. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

4. Answering Paragraph 4 of the Complaint, Defendants lack sufficient information and belief to enable them to admit or deny the allegations set forth in this Paragraph and, on that basis deny, generally and specifically, each and every one of them.

5. Answering Paragraph 5 of the Complaint, Defendants lack sufficient information and belief to enable them to admit or deny the allegations set forth in this Paragraph and, on that basis deny, generally and specifically, each and every one of them.

6. Answering Paragraph 6 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

7. Answering Paragraph 7 of the Complaint, Defendants deny that Plaintiff did not have access to Human Resource services on site. Defendants deny further that Plaintiff "had to file her complaint with the EEOC." Defendants deny further that any of them, including any of Plaintiff's supervisors, unlawfully discriminated against her. Defendants admit that Plaintiff

filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 28, 2005. Defendants lack sufficient information and belief to enable them to admit or deny any remaining allegations set forth in this Paragraph and, on that basis deny, generally and specifically, any remaining allegations in this Paragraph.

8. Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff received a Notice to Complainant of Right-To-Sue on or after April 29, 2005. Defendants admit further that, on or about January 19, 2007, the EEOC issued a Dismissal and Notice of Rights to Plaintiff in which the EEOC determined, among other things, that it was "unable to conclude that the information obtained establishes violations of the statutes." The EEOC also informed Plaintiff that she "may file a lawsuit against the respondent(s) under federal law based on [her] charge in federal or state court" and that her "lawsuit must be filed <u>WITHIN 90 DAYS</u> of [her] receipt of [the] notice; or [her] right to sue based on [her] charge will be lost." Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

9. Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff is an African American female and that she purports to be 36 years of age. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

10. Answering Paragraph 10 of the Complaint, Defendants admit that Plaintiff was an employee of SIRVA, Inc. (or one of its subsidiaries) and worked as a Customer Service Representative. Defendants deny that they unlawfully retaliated against Plaintiff, deny that they unlawfully discriminated against Plaintiff and deny that they subjected Plaintiff to unfair treatment. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

11. Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiff

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

requested and received a medical leave in March of 2005. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

12. Answering Paragraph 12 of the Complaint, Defendants lack sufficient information and belief to enable them to admit or deny the allegations set forth in this Paragraph and, on that basis deny, generally and specifically, each allegation in this Paragraph.

13. Answering Paragraph 13 of the Complaint, Defendants deny that Plaintiff was terminated because she took "sick leave" or was on "sick leave." Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

## RESPONSES RE FIRST CLAIM FOR RELIEF

14. Answering Paragraph 14 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Answering Paragraph 15 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

## RESPONSES RE SECOND CLAIM FOR RELIEF

16. Answering Paragraph 16 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Answering Paragraph 17 of the Complaint, Plaintiff has failed to identify any of the alleged racial remarks that she contends were made, when they were allegedly made, by

whom they were made or any other meaningful detail. Defendants, therefore, deny these allegations. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

### **RESPONSES RE THIRD CLAIM FOR RELIEF**

18.  Answering Paragraph 18 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19.  Answering Paragraph 19 of the Complaint, Plaintiff has failed to identify any of the alleged complaints she made regarding being given extra work, when the extra work was allegedly assigned, by whom the extra work was assigned, to whom she complained or any other meaningful detail. Defendants, therefore, deny these allegations. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

### **RESPONSES RE FOURTH CLAIM FOR RELIEF**

20.  Answering Paragraph 20 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21.  Answering Paragraph 21 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

22.  Answering Paragraph 22 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

## RESPONSES RE FIFTH CLAIM FOR RELIEF

23. Answering Paragraph 23 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Answering Paragraph 24 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

## RESPONSES RE SIXTH CLAIM FOR RELIEF

25. Answering Paragraph 25 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Answering Paragraph 26 of the Complaint, Defendants deny Plaintiff's allegation regarding the legal elements of a claim for slander as being misleading and incomplete. Defendants deny that they slandered Plaintiff. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

27. Answering Paragraph 27 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

## RESPONSES RE SEVENTH CLAIM FOR RELIEF

28. Answering Paragraph 28 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

29. Answering Paragraph 29 of the Complaint, Defendants deny Plaintiff's allegation regarding the legal elements of a claim for false imprisonment as being misleading and incomplete. Defendants deny that they falsely imprisoned Plaintiff. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

31. Answering Paragraph 31 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

## **RESPONSES RE EIGHTH CLAIM FOR RELIEF**

32. Answering Paragraph 32 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Answering Paragraph 33 of the Complaint, Defendants deny Plaintiff's allegation regarding the legal elements of a claim for intentional infliction of emotional distress as being misleading and incomplete. Defendants deny that they intentionally inflicted emotional distress upon Plaintiff, deny that they harassed her and deny that they damaged her emotionally. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

34. Answering Paragraph 34 of the Complaint, Defendants deny, generally and specifically, each and every allegation set forth in this Paragraph.

## RESPONSES RE NINTH CLAIM FOR RELIEF

35.   Answering Paragraph 35 of the Complaint, Defendants incorporate by reference their admissions and denials to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.   Answering Paragraph 36 of the Complaint, Defendants deny Plaintiff's allegation regarding the legal elements of a claim for negligent infliction of emotional distress as being misleading and incomplete. Defendants deny that they negligently inflicted emotional distress upon Plaintiff. Defendants deny, generally and specifically, each and every remaining allegation set forth in this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1.   Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
**(Statutes of Limitation)**

2.   The Complaint is barred, in whole or in part, by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure Sections 337, 338, 340, California Government Code Sections 12960 and 12965 and 42 U.S.C. Sections 2000e-5(e) and 2000e-5(f).

**BARRITT SMITH LLP**
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3. The Complaint is barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

4. The Complaint is barred, in whole or in part, by the fact that any decisions made by Defendants with respect to Plaintiff, if any, were reasonably based on the facts as Defendants understood them.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Cause)

5. The Complaint is barred, in whole or in part, because Defendants' decisions with respect to Plaintiff, if any, were based on legitimate, non-discriminatory and non-retaliatory business reasons that were neither arbitrary, capricious, nor unlawful.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6. Plaintiff has engaged in conduct or activities sufficient to constitute a waiver of any claims or causes of action which she may otherwise have had against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

7. On information and belief, each and every claim is barred (or limited) by Plaintiff's failure to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Exclusivity)

8. The Complaint is barred, in whole or in part, by the exclusive jurisdiction and remedy provisions of the California Workers' Compensation Act, including California Labor Code Sections 3200 et seq. and 3600 et seq.

### NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. The Complaint is barred, in whole or in part, by the laches doctrine.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10. The Complaint is barred, in whole or in part, by the unclean hands doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

12. Plaintiff's claims are barred or limited by the doctrine of avoidable consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (ELLERTH/FARAGHER)

13. Plaintiff's claims are barred or limited because: (1) Defendants exercised reasonable care to prevent and correct promptly any allegedly harassing behavior; and (2) Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities

**BARRITT SMITH LLP**
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

provided by the employer, or to avoid harm otherwise. See <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 764-65, 118 S.Ct. 2257, 2270 (1998); <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 806, 118 S.Ct. 2275, 2292-93 (1998).

### **FOURTEENTH AFFIRMATIVE DEFENSE**
### **(Punitive Damages Not Recoverable)**

14.    The Complaint, to the extent it seeks exemplary, double, or punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 7 of the Constitution of the State of California and to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and, therefore, fails to state a claim upon which either exemplary, double, or punitive damages may be awarded.

### **FIFTEENTH AFFIRMATIVE DEFENSE**
### **(Punitive Damages Unrecoverable– Excessive Fines)**

15.    The Complaint, to the extent it seeks exemplary, double, or punitive damages, violates Defendants' right to protection from "excessive fines" as provided in Article I, Section 17 of the Constitution of the State of California and, therefore, fails to state a claim supporting the exemplary, double, or punitive damages claimed.

### **SIXTEENTH AFFIRMATIVE DEFENSE**
### **(No Oppression, Fraud, or Malice)**

16.    Plaintiff is not entitled to recover punitive damages because she has failed to allege facts sufficient to state a claim for punitive damages or to show that Defendants, or any of their managing agents, are guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release/Waiver)

17. Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts or conduct already released or waived by her.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

18. Plaintiff is estopped from pursuing her Complaint, in whole or in part.

DATED: July 17, 2007

**BARRITT SMITH LLP**

By: /s/ Douglas A. Barritt
    Douglas A. Barritt
    Attorney for Defendants
    SIRVA, INC., JOE JENIO, KEN WHELAN, SCOTT BLACK and RAMON PADILLA

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 17310 Red Hill Avenue, Suite 140, Irvine, California 92614.

On July 17, 2007, I served the foregoing document(s) described as **ANSWER OF DEFENDANTS SIRVA, INC., JOE JENIO, KEN WHELAN, SCOTT BLACK AND RAMON PADILLA TO PLAINTIFF'S COMPLAINT** upon the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

**Gabriella Lema**
**39183 Walnut Terrace**
**Fremont, California 94536**

(X)  **(By U.S. Mail)**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

(  )  **(By Facsimile)** I served a true and correct copy by facsimile to the number(s) listed above (or on the attached sheet). Said transmission was reported complete and without error.

(  )  **(By Overnight Mail)** I served a true and correct copy enclosed in a sealed Federal Express envelope addressed to the aforementioned person(s) marked for next business day delivery, and deposited the copy into a Federal Express depository.

(X)  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2007**,** at Irvine, California.

/s/ Douglas A. Barritt

c:\cases\sirva\lema\pos\mail proof (federal).doc