**BARRITT SMITH LLP**
Douglas A. Barritt, Bar No. 150955
17310 Red Hill Avenue, Suite 140
Irvine, California 92614
Phone:   949-553-0700
Fax:       949-553-0715
Email:    dbarritt@barrittsmith.com

Attorneys for Defendants
SIRVA, INC., JOE JENIO, KEN WHELAN,
SCOTT BLACK and RAMON PADILLA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLA LEMA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SIRVA/NAL WORLDWIDE LOGISTICS, JUAN CORTES, JOE JENIO, SCOTT BLACK, KEN WHELAN, MARILYN BEASLEY, RAMON PIDALLA, and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.: C07 03631 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**DATE:**   Not Yet Scheduled<br>**TIME:**<br>**CRTRM: 3** |

　　　　Plaintiff Gabriella Lema ("Plaintiff") and defendants SIRVA, Inc. (erroneously sued herein as "SIRVA/NAL WORLDWIDE LOGISTICS"), Joe Jenio, Ken Whelan, Scott Black and Ramon Padilla (erroneously sued herein as "Ramon Pidalla") (collectively referred to herein as "Defendants") hereby submit their Joint Case Management Statement in the form required by the Standing Order re Contents of Joint Case Management Statement. This matter was originally assigned to Magistrate Judge Howard Lloyd who previously scheduled a Case Management Conference for October 16, 2007 at 1:30 p.m. However, the Case Management Conference was vacated as a result of this matter being reassigned to District Judge Jeremy Fogel. Although a new Case Management Conference has not yet been scheduled, the parties are filing this Joint Case Management in compliance with the Order Setting Initial Case Management Conference and ADR Deadlines issued by Magistrate Judge Lloyd

on July 13, 2007.

### 1. Jurisdiction and Service

This matter was originally filed in the Superior Court of California, County of Alameda on April 23, 2007 and was removed timely by Defendants on July 13, 2007 on the basis that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. On August 13, 2007, Plaintiff filed an Opposition and Rebuttal to Defendants' Notice of Removal of Civil Action purporting to challenge the removal and the assignment of this case to this Court's San Jose location. Plaintiff contends that a decision regarding remand is pending. Defendants contend that Plaintiff's Opposition does not constitute a proper request to remand this action to state court and, in any event, any such request is without merit.

Plaintiff has not yet served individual defendants Juan Cortes and Marilyn Beardsley. Plaintiff requests that the Court set a deadline of December 31, 2007 to serve these individual defendants.

### 2. Facts

Plaintiff was hired on or about January 15, 2001 in the position of Customer Service Representative working at the logistic center operations in Northern California. Plaintiff purportedly suffered a workplace injury (i.e., alleged cumulative trauma to her right shoulder, right arm, right wrist, neck and back) and, as a result, went out on a leave of absence in or about March of 2005. Plaintiff remained on leave at the time the assets of the logistic center operations were sold.

Plaintiff contends that she has alleged, in her Complaint, the following claims against each of the Defendants: (1) race discrimination in violation of 42 U.S.C. § 2000e et seq.; (2) race discrimination in violation of California Government Code Section 12900 et seq.; (3) retaliation (form unknown); (4) hostile work environment; (5) harassment; (6) slander; (7) false imprisonment; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; and (10) wrongful termination in violation of public policy. Defendants deny the allegations set forth in

BARRITT SMITH LLP
17310 RED HILL AVENUE, SUITE 140
IRVINE, CALIFORNIA 92614
949-553-0700

Plaintiff's Complaint. Defendants deny further that Plaintiff has alleged a claim in her Complaint for wrongful termination in violation of public policy and contends that no such claim has been adequately pled in the Complaint.

3. **<u>Legal Issues</u>**

The parties anticipate, at this time, that the following legal issues will be in dispute in this matter:

(a) Whether Defendants discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. § 2000e as alleged her first claim for relief;

(b) Whether Defendants discriminated against Plaintiff on the basis of her race in violation of California Government Code § 12900 <u>et seq.</u> as alleged in her second claim for relief;

(c) Whether Defendants retaliated against Plaintiff as alleged in her third claim for relief;

(d) Whether Defendants subjected Plaintiff to a hostile work environment as alleged in her fourth claim for relief;

(e) Whether Defendants subjected Plaintiff to unlawful harassment as alleged in her fifth claim for relief;

(f) Whether Defendants slandered Plaintiff as alleged in her sixth claim for relief;

(g) Whether Defendants falsely imprisoned Plaintiff as alleged in her seventh claim for relief;

(h) Whether Defendants intentionally inflicted emotional distress upon Plaintiff as alleged in her eighth claim for relief;

(i) Whether Defendants negligently inflicted emotional distress upon Plaintiff as alleged in her ninth claim for relief;

(j) Whether Defendants' conduct, as alleged in the Complaint, caused Plaintiff to suffer economic damages;

(k) Whether Defendants' conduct, as alleged in the Complaint, caused Plaintiff to suffer legally-recoverable emotional distress;

(l) Whether Defendants' conduct, as alleged in the Complaint, entitles Plaintiff to recover punitive damages;

(m) Whether Plaintiff has exhausted her administrative remedies against Defendants;

(n) Whether one or more of Plaintiff's claims are barred by the applicable limitations period;

(o) Whether any of Plaintiff's conduct constitutes a waiver of her claims or her prayer for damages;

(p) Whether Plaintiff has made a reasonable and good faith attempt to mitigate her alleged damages;

(q) Whether one or more of Plaintiff's claims are barred by the exclusive remedies set forth in California's Workers' Compensation Act;

(r) Whether one or more of Plaintiff's claims are barred by the after-acquired evidence doctrine.

(s) Whether Plaintiff's claims are barred or limited by the doctrine of avoidable consequences;

(t) Whether Plaintiff's claims are barred or limited because Defendants exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities

(u) Whether individual defendants can be held personally liable for the claims in Plaintiff's Complaint;

### 4. Motions

As mentioned above, Plaintiff contends that a decision regarding remand is pending. Defendants contend that Plaintiff's Opposition and Rebuttal to Defendants' Notice of Removal of Civil Action (filed on August 13, 2007) does not constitute a proper request to remand this action to state court and, in any event, any such request is without merit. Defendants anticipate filing a motion for summary judgment or partial summary judgment.

### 5. Amendment of Pleadings

Plaintiff anticipates amending her Complaint. The parties propose a deadline of November 16, 2007 for any such amendment.

### 6. Evidence Preservation

The parties have taken steps to preserve e-mails, voice mails and other electronically-recorded material that may bear on the issues in this action.

### 7. Disclosures

The parties completed their respective initial disclosures on October 8, 2007.

**8. Discovery**

Defendants have propounded a first set of interrogatories and a first request for production of documents. Defendants are in the process of scheduling Plaintiff's deposition for mid-November of 2007. Plaintiff has propounded a first set of interrogatories and first request for production of documents.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff seeks to recover back pay in the amount of at least $100,000.00, front pay in the amount of at least $200,000.00, emotional distress damages in the amount of at least $350,000.00, statutory damages in the amount of $350,000.00, punitive damages in the amount of $600,000.00, attorneys' fees and costs. Defendants reserve the right to seek reimbursement of their attorneys' fees and costs.

**12. Settlement and ADR**

The likelihood of the parties informally resolving this case is difficult to assess at this time. The parties have agreed to participate in a mediation pursuant to ADR L.R. 6 and filed a Stipulation to this effect on September 21, 2007. On September 28, 2007, the Court entered an Order referring this matter to mediation which is to be completed on or before December 27, 2007.

**13. Consent to Magistrate Judge For All Purposes**

This matter was initially assigned to Magistrate Judge Howard Lloyd. Defendants consented to this assignment. However, Plaintiff recently declined the assignment, causing this matter to be

reassigned to District Judge Jeremy Fogel on October 4, 2007.

**14.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties anticipate being able to narrow the issues in this matter after they complete their initial discovery.

**16.     Expedited Schedule**

The parties do not believe that this case is suitable for handling on an expedited basis with streamlined procedures.

**17.     Scheduling**

The parties propose the following dates: (1) May 31, 2008: deadline for disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2); (2) June 30, 2008: deadline for disclosure of rebuttal expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2); (3) July 31, 2008: discovery cutoff; and (4) motion hearing cutoff date: August 29, 2008; (6) October of 2008: pretrial conference; and (7) December of 2008: trial.

**18.     Trial**

Plaintiff's Complaint (originally filed in state court) contains a demand for jury trial.

**19.     Disclosure of Non-party Interested Entities or Persons**

On July 13, 2007, Defendants filed their Certification of Interested Entities or Persons. As stated in their Certification, Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a

financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Gabriella Lema, SIRVA, Inc., Marilyn Beardsley, Scott Black, Juan Cortes, Joe Jenio, Ramon Padilla and Ken Whelan.

Plaintiff has not filed a Certification of Interested Entities or Persons. However, Plaintiff certifies, at this time, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Gabriella Lema, SIRVA, Inc.,, its principals, successors and assigns, Marilyn Beardsley, Scott Black, Juan Cortes, Joe Jenio, Ramon Padilla and Ken Whelan.

**20.    Other Matters**

The parties are not aware, at this time, of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: October 9, 2007

**Law Office of Robert E. Thompson**

By:  /s/ Robert E. Thompson
     Robert E. Thompson
     Attorney for Plaintiff
     GABRIELLA LEMA

DATED: October 9, 2007

**Barritt Smith llp**

By:  /s/ Douglas A. Barritt
     Douglas A. Barritt
     Attorney for Defendants
     SIRVA, INC., JOE JENIO, KEN WHELAN,
     SCOTT BLACK and RAMON PADILLA